IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 4, 2013 Floyd Mayweather, Jr. v. Robert Guerrero WBC Welterweight Championship Fight Program, § § § § § § § Plaintiff-counterdefendant, § § VS. § § WILLIE RAY'S PRIVATE ROOM, § INC., Individually, and d/b/a § WILLIE RAY'S PRIVATE ROOM § d/b/a WILLIE RAY EVENT CENTER § d/b/a WILLIE RAY'S PLACE, et al., § § Defendants, § § and § § MICHELLE CRITESER, § Individually, and d/b/a § WILLIE RAY'S PRIVATE ROOM § d/b/a WILLIE RAY EVENT CENTER § d/b/a WILLIE RAY'S PLACE, § § Defendant-counterplaintiff. § | Civil Action No. 3:16-CV-1206-D |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant J&J Sports Productions, Inc. ("J&J") brings this action against several defendants under the Communications Act of 1934, alleging that they are liable for the unlicensed showing of the closed-circuit telecast of the May 4, 2013 Floyd Mayweather, Jr. v. Robert Guerrero, WBC Welterweight Championship Fight (the

"Program") at Willie Ray's Private Room d/b/a Willie Ray Event Center d/b/a Willie Ray's Place. Defendant-counterplaintiff Michelle Floyd ("Floyd")[1] asserts affirmative defenses of waiver and failure to mitigate damages, and she brings a counterclaim under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). J&J moves to strike these affirmative defenses and the counterclaim under Fed. R. Civ. P. 12(f). Floyd does not oppose striking her DTPA counterclaim, provided it is stricken without prejudice. She does oppose striking the two affirmative defenses. For the reasons that follow, the court grants the motion as to Floyd's DTPA counterclaim and affirmative defense of failure to mitigate damages, and it denies the motion as to her affirmative defense of waiver.[2]

I

In view of Floyd's position in response to J&J's motion, her DTPA counterclaim is stricken without prejudice.

II

A

Floyd alleges an affirmative defense of waiver based on the conduct of J&J and of the auditor whom J&J hired to investigate and document unlicensed reception of the Program

---

[1] Floyd is sued under the name "Michelle Criteser."

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

at commercial establishments such as Willie Ray's. In essence, she asserts that J&C waived its claims under 47 U.S.C. §§ 553 and 605 because, before the Program aired, neither J&J nor the auditor attempted to protect J&J's rights by educating, informing, or warning Floyd or codefendant Clinton Garland ("Garland") of J&J's rights by taking steps (e.g., a telephone call to Floyd or Garland) to prevent or stop receipt of the Program at Willie Ray's; at no time during the auditor's visit to Willie Ray's did he educate, inform, or warn Floyd or Garland of J&J's existence or of the requirement to purchase a license from J&J to receive the Program at a commercial establishment; at no time did the auditor attempt to prevent, stop, or demand cessation of the unauthorized receipt of the Program; and although J&J was aware of its rights to prevent, stop, or demand cessation of the unauthorized receipt of the Program, it did not take any action to do so, and it instructed the auditor not to attempt to prevent, stop, or demand cessation of the unauthorized receipt of the Program or to educate, inform, or warn Floyd or Garland of J&J's rights.

B

Without suggesting that Floyd's affirmative defense of waiver can withstand a summary judgment motion or that she can prevail on this defense at trial, the court denies J&J's motion to strike it.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir.

2008). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, because these motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 206 F.2d 862, 868 (5th Cir. 1962)).

When deciding whether an affirmative defense is an "insufficient defense," the court does not apply the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Klein v. Fed. Ins. Co.*, 2014 WL 4476556, at *5 (N.D. Tex. Sept. 11, 2014) (Fitzwater, C.J.) (citing *Mary Kay, Inc. v. Dunlap*, 2012 WL 2358082, at *8 (N.D. Tex. June 21, 2012) (Fitzwater, C.J.); *SEC v. Cuban*, 798 F.Supp.2d 783, 795 n.13 (N.D. Tex. 2011) (Fitzwater, C.J.); *EEOC v. Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011) (Fitzwater, C.J.)). Instead, the court applies the "fair notice" pleading standard for affirmative defenses set forth in *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). *See Cuban*, 798 F.Supp.2d at 795 n.13. To adequately plead an affirmative defense, there must be enough factual particularity to give the plaintiff "fair notice of the nature of the affirmative defense and prevent unfair surprise." *Mary Kay*, 2012 WL 2358082, at *8 (quoting *Cuban*, 798 F.Supp.2d at 795 n.13). "Although . . . in some instances merely pleading the name of the affirmative defense may be sufficient, a 'fact-specific inquiry' is required to determine whether the pleadings set forth the 'minimum particulars' needed to ensure the plaintiff is not the victim of unfair surprise." *Id.* (quoting *Woodfield*, 193 F.3d at 362).

The court holds that Floyd has pleaded the minimum particulars that are necessary to ensure that J&J is not unfairly surprised by the basis for her affirmative defense of waiver. *See* Answer, Aff. Defs. at ¶¶ 1-9. Accordingly, the court denies J&J's motion to strike Floyd's affirmative defense of waiver.

### III

### A

Floyd asserts a contingent[3] affirmative defense of failure to mitigate damages that is based on similar grounds to her waiver defense. She alleges that J&J failed to take reasonable steps to mitigate its damages because, had J&J and/or the auditor educated, informed, or warned Floyd of the need to purchase a license to receive the Program at Willie Ray's, Floyd would have contacted Garland and informed him of J&J's existence and the need to purchase a license from J & J; and that had J&J and/or the auditor educated, informed, or warned Garland of the need to purchase a license to receive the Program, Garland would either have purchased the license or not received the Program or discontinued receipt.

### B

"Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Cuban*, 798 F.Supp.2d at 787 (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards,*

---

[3]The defense is contingent on J&J's recovering on the merits of any claim.

*Inc*., 677 F.2d 1045, 1057 (5th Cir. 1982)) (internal quotation marks omitted). J&J maintains that, because it is seeking only statutory damages, the affirmative defense of failure to mitigate damages is unavailable as a matter of law. Floyd responds that this defense is available when future damages/continuation of harm is at issue, that Floyd has pleaded facts that put J&J's loss of goodwill at issue, and that J&J's past representations to federal courts also support Floyd's defense of failure to mitigate damages.

In its complaint, J&J seeks only statutory damages pursuant to 47 U.S.C. §§ 553(c)(3)(A)(ii), 553(c)(3)(B), 605(e)(3)(C)(i)(II), and 605(e)(3)(C)(ii); a permanent injunction enjoining any future exhibition of unauthorized or unlicensed programs and any violation of 47 U.S.C. §553 or § 605; costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii); and pre- and post-judgment interest. Although J&J also requests "[s]uch other and further relief to which Plaintiff is entitled," Compl. at 6, there is no suggestion in the complaint that J&J is requesting any form of damages other than statutory damages.

Accordingly, the court strikes Floyd's defense of failure to mitigate damages for the reason that this defense is insufficient as a matter of law. *See, e.g., Malibu Media, LLC v. Doe,* 2013 WL 4048513, at *2 (N.D. Ind. Aug. 9, 2013) ("Having elected statutory damages, Plaintiff has given up the right to seek actual damages, thereby making a failure-to-mitigate defense inapplicable. As such, this affirmative defense will be STRICKEN." (citation omitted)); *G&G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (holding in action alleging violations of the Communications Act of 1934,

47 U.S.C. § 605, the Cable & Television Protection and Competition Act of 1992, 47 U.S.C. § 553, and California state law that affirmative defense of "[m]itigation of damages is likewise inapplicable to the types of claims asserted by Plaintiff[.]").

\* \* \*

J&J's January 13, 2017 motion to dismiss and to strike affirmative defenses of defendant Michelle Floyd is granted in part and denied in part.

**SO ORDERED**.

February 8, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE